## JAMES BOLTON

*v.*

## ALBERT COWGILL.

AWARD OF ARBITRATORS—*effect of, when between a party and a firm, upon a suit between the same party and an individual member of the firm.* The plaintiff claimed that he had paid money to the defendant to be applied on the indebtedness of the plaintiff to two firms, of both which defendant was a traveling agent, and of one of which he was a member. The firm of which defendant was a member denied ever receiving any part of the money, and upon that question being arbitrated, the award was in their favor and against the plaintiff. Upon a suit afterwards brought by plaintiff against the defendant for the money alleged to have been paid to him for said firms, it was *held*, that this award was no bar to such suit.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WM. H. BARNES, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause was commenced in the county court. Plaintiff recovered a judgment, and defendant prosecuted an appeal to the circuit court of the county. On the hearing, the judgment of the county court was reversed, but there was no order remanding the cause. That decision is assigned for error.

The action was to recover a sum of money which Bolton alleges he gave to Cowgill, to be by him paid, in certain proportions, to J. B. Brown & Co. and Smith & Hay, on the indebtedness of Bolton to those firms. It is not claimed Cowgill ever paid the money, or any part of it, to either of the firms for whom it was intended. · The defense is, he never received it at all. The firm of J. B. Brown & Co., of which Cowgill was a member, denied they ever received the money, or any part of it, and this question was submitted to arbitration. The award was against Bolton.

It is claimed this award is a bar to the present action. We can not concur in this view of the law. It appears Cowgill was not only a member of the firm of Brown & Co., but was a traveling agent for that firm, and also for Smith & Hay.

The testimony of Bolton is, that he paid the money to Cowgill, with directions, if Smith & Hay would consent, to divide it equally between these firms, but if they would not consent, then to divide the money as directed, giving $100 to Smith & Hay and the remainder to Brown & Co.

It seems quite clear the only question that could have been settled by the arbitration was, whether any portion of the money was paid to Brown & Co. This was all the question that was submitted.

If neither Brown & Co. nor Smith & Hay got the money, it still remained in the hands of Cowgill for the use of Bolton, on the hypothesis it was ever paid to him. This was a question of fact for the consideration of the jury. The evidence was quite conflicting. We can not say the verdict was so much against the weight of the evidence as would warrant a reversal of the judgment of the county court. The rule is well established that, where the jury have been properly instructed, and there is a contrariety of evidence, the verdict must be permitted to stand, unless there is a clear preponderance of evidence against it. Any other rule would take from the jury the right, always accorded to them, to judge of the weight and credibility of the testimony.

The instructions as to the effect of the arbitration were more liberal to defendant in the county court than he had any right to ask. In any event, if the money was paid to Cowgill, whether as agent or partner, if he did not pay it to Smith & Hay, and he does not claim he did, Bolton would be entitled to recover the amount that should have been paid to that firm. The arbitration could not affect this right.

Upon the whole record, we perceive no satisfactory reason for disturbing the judgment of the county court. The instructions, in the main, were correct, and there was evidence to sustain the verdict.

The judgment of the circuit court will be reversed, and the cause remanded, with directions to affirm the judgment of the county court.

*Judgment reversed.*